# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | :<br>:<br>: Case No. 2:19-cv-00300 |
| Plaintiffs, | :<br>: JUDGE ALGENON L. MARBLEY |
| v. | :<br>: Magistrate Judge Vascura |
| TYREA D. MILES,<br>TRINA EWELL-MILES,<br>and AMERICAN CAPITAL<br>  FUNDING, LLC, | :<br>:<br>:<br>: |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court upon Plaintiff, The Prudential Insurance Company of America's ("Prudential") Motion for an Order entering default judgment against Defendant American Capital Funding LLC ("American Capital") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the following reasons, this court **GRANTS** Prudential's motion and enters default judgment against American Capital.

## I. BACKGROUND

Prudential issued a group life insurance policy to Amazon.com Services Inc. which insured Ryan Patrick Miles for basic life insurance in the amount of $63,000 and optional life insurance in the amount of $63,000 ("death benefit"). (ECF No. 1 at p. 2). On October 16, 2018, a beneficiary designation was made via the Amazon employee self-service online website, designating Tyrea Miles as the sole beneficiary of the death benefit. *Id.* Miles died on October 25, 2018. *Id.* His death certificate listed Trina Miles as his spouse. *Id.* On October 29, 2018, Tyrea made a claim to the death benefit as Patrick Miles's spouse and provided Prudential with a copy of a Power of

Attorney assigning $4,963.22 of the death benefit to Caliman Funeral Services who reassigned it to American Capital. *Id.* at 3. On November 28, 2018, Trina Miles's counsel sent a letter to Prudential making a claim to the death benefit. On January 31, 2019, Prudential filed an interpleader complaint against Tyrea Miles, Trina Miles, and American Capital to determine who is owed the death benefit and to protect itself from the potential for multiple liability. (ECF No. 1). On March 15, 2019, American Capital was personally served. (ECF No. 10). It did not respond or otherwise appear in this action. On May 7, 2019, the Clerk made an entry of default (ECF No. 12) pursuant to Prudential's motion for entry of default.

## I. LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 12(a)(1)(A)(i) states that a defendant "must serve an answer within 21 days after being served with a complaint." FED. R. CIV. P. 12(a). A party can obtain a default judgment against a defendant if the defendant fails to answer the complaint. To obtain a default judgment under Rule 55(b), there must first be an entry of default under 55(a) with the Clerk. *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment.").

A court's determination of damages in a default judgment depends on whether the damages are calculable and/or liquidated. If the damages are calculable or liquidated, then the court will award the calculable damages to the plaintiff without an evidentiary hearing because the facts establishing the damage are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497-98 (7th Cir. 1989) (stating that an evidentiary hearing is not required if the damages are liquidated or can be definitively calculated from evidence and that in such cases the same facts establish the need for liability as well as damages); *Barnes v. Abraham*,

*Inc.*, No. 2:17-CV-279, 2017 WL 5714091 at \*2 (S.D. Ohio Nov. 28, 2017) (quoting *United States v. Parker-Billingsley*, No. 3:14-CV-307, 2015 WL 4539843, at \*1 (S.D. Ohio Feb. 10, 2015)) ("A court may determine damages without holding an evidentiary hearing if the damages are 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'").

American Capital has not filed an answer, responded to the complaint, or otherwise made any indication that it will appear in these proceedings. Prudential obtained an entry of default against American Capital on May 7, 2015. Because the amount that would have been due to American Capital under the death benefit is a fixed sum and Prudential has not requested any other damages, an evidentiary hearing is unnecessary.

For these reasons, this court **GRANTS** Prudential's motion and **ENTERS** judgment by default against American Capital. Prudential is discharged from any and all liability to American Capital relating to the life insurance policy and death benefit for Ryan Miles. American Capital is also permanently enjoined from bringing any action or proceeding in any forum or making any further claims against Prudential relating to the life insurance policy and death benefit for Ryan Miles. Counsel for Prudential shall serve a copy of this order upon all parties within seven days of its receipt.

**IT IS SO ORDERED.**

                                       s/Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**DATED: August 30, 2019**